IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


GWENNA JONES                                                    PLAINTIFF


        v.                              CIVIL NO. 16-2160


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION


Plaintiff, Gwenna Jones, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for disabled widow's insurance benefits (DWB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).


**I.      Procedural Background**:


Plaintiff protectively filed her current applications for DWB and SSI on October 21,

2013, alleging an inability to work since June 15, 1995,[2] due to Type II diabetes and severe

depression.  (Doc. 12, pp.75, 186, 193).  An administrative hearing was held on November 12,

2014, at which Plaintiff appeared with counsel and testified. (Doc. 12, pp. 31-71).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through her counsel, amended her alleged onset date to January 27, 2011.  (Doc. 12, pp. 16, 35-36).

By written decision dated May 8, 2015, the ALJ found that Plaintiff met the non-disability requirements for DWB's. (Doc. 12, p. 18). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 12, p. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: major depression, an adjustment disorder with depressed and anxious mood, and an anxiety disorder, not otherwise specified. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 12, p. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but that she has nonexertional limitations. The claimant must avoid concentrated exposure to hazards, including no driving as part of work, due to potential fluctuations in her blood sugar levels. In addition, she can perform work where interpersonal contact with coworkers and supervisors is incidental to the work performed, there is no contact with the general public, the complexity of tasks is learned and performed by rote with few variables and little use of judgment, and the supervision required is simple, direct and concrete.

(Doc. 12, p. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a production helper, a warehouse worker, a merchandise marker, and an office helper. (Doc. 12, p. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on May 23, 2016. (Doc. 12, pp. 5-10). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§

423(d)(3), 1382(3)(C).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

With regard to Plaintiff's DWB application, to be entitled to benefits as a disabled widow Plaintiff must be at least fifty years old, but less than sixty years old. 20 C.F.R. § 404.335(c). Furthermore, the alleged disability must have started not less than eighty-four months after either the insured wage earner died or eight-four months after Plaintiff was last entitled to survivor's benefit's, whichever is later. 20 C.F.R. § 404.335.

## III.   Discussion:

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC.  Defendant argues that substantial evidence of record supports the ALJ's determination.

### A.   Subjective Complaints and Symptom Evaluation:

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including

evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that during the relevant time period, Plaintiff was able to help take care of her husband until his passing in September of 2013. In a Function Report completed by Plaintiff on November 6, 2013, Plaintiff indicated that she did have low blood sugar at times but was still able to take care of her personal needs, do household chores, take care of her two dogs, shop, prepare simple meals, use the riding lawn mower, and spend time with her family. In December of 2013, Plaintiff reported to Dr. Robert L. Spray that her daily routine consisted of getting up in the morning and taking a walk, drinking her coffee while watching the news, eating breakfast, doing some housework, and listening to her grandchildren do their homework.

With respect to Plaintiff's physical impairments, the record revealed that Plaintiff is a diabetic with periodic low blood sugar levels. However, Plaintiff appeared to be able to manage her blood sugars with the occasional medication adjustment and food or glucose tablets when her blood sugar level dropped. Plaintiff's treating medical providers placed no

limitations upon Plaintiff and counseled her on the proper use of her insulin to include when and where to inject herself, and to refrain from smoking for at least thirty minutes after using insulin. Plaintiff was also instructed to work on meal consistency and exercise. After reviewing the record as a whole, the Court finds substantial evidence supports the ALJ's determination the Plaintiff's diabetes is severe but not disabling.

With respect to Plaintiff's mental impairment, the medical evidence revealed Plaintiff was treated and responded well to medication. While Plaintiff experienced increased depression upon the loss of her husband, the evidence revealed that she responded well to medication and her depression and anxiety were noted as controlled in April of 2015. (Doc. 12, p. 885). After reviewing the record as a whole, the Court finds substantial evidence supports the ALJ's determination that Plaintiff had mild restrictions of activities of daily living; moderate difficulties in social functioning; moderate difficulties with concentration, persistence and pace; and no episodes of decompensation for an extended duration.

With regard to a third-party statement, witness letters completed by Plaintiff's family and friends and the testimony of Plaintiff's daughter, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.      ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC."  Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'"  Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted).  An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.  Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting.  Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform a full range of exertional work with some limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff argues that the ALJ improperly discounted the November 14, 2014, Medical Source Statement of Ability to do Work-Related Activities (Physical) completed by Dr. Danny Silver opining that Plaintiff would need a sit/stand/walk option at will if employed and would miss about four days of work per month. After review, the Court finds that the ALJ did not err in discounting the opinion of Dr. Silver. The ALJ declined to give controlling weight to Dr. Silver's opinion for good and well-supported reasons. See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion."). A review further reveals substantial evidence supports the weight that the ALJ gave to the opinions of Drs. Spray and Van Hoang.

While Plaintiff argues that the ALJ erred in the analysis of Plaintiff's GAF scores, a GAF score is not essential to the RFC's accuracy. Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (6th Cir. 2002). "[A]n ALJ may afford greater weight to medical evidence

8

and testimony than to GAF scores when the evidence requires it." Jones v. Astrue, 619 F.3d 963, 974 (8th Cir. 2010). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a production helper, a warehouse worker, a merchandise marker, and an office helper. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 16th day of August 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE